**UNITED STATES BANKRUPTCY COURT**    <u>**NOT FOR PUBLICATION**</u>
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------x

In re:                                  .

.    Chapter 11

RJZM LLC d/b/a ALL-MED & REHABILITATION .
OF NEW YORK,                      .    Case No. 06-11535 (ALG)

.

           Debtor.           .

-----------------------------------------------------------------x

Towne Partners, LLC,              .

            Plaintiff,       .

.

          -against-           .    Adv. No. 09-01264 (ALG)

.

RJZM LLC d/b/a ALL-MED & REHABILITATION .
OF NEW YORK,                      .

           Defendant.     .

-----------------------------------------------------------------x

<u>**MEMORANDUM OF DECISION**</u>

A P P E A R A N C E S :

KUCKER & BRUH, LLP
Counsel for the Plaintiff
  By: Abner T. Zelman, Esq.
747 Third Avenue
New York, New York 10017

DUANE MORRIS, LLP
Counsel for the Defendant
  By: Anthony J. Constantini, Esq.
1540 Broadway
New York, New York 10036-4086

**ALLAN L. GROPPER**
**UNITED STATES BANKRUPTCY JUDGE**

      Before the Court is a motion filed by the plaintiff, Towne Partners, LLC ("Landlord"),

for an order remanding the above-captioned adversary proceeding to the State court pursuant to

28 U.S.C. § 1452(b), or for an order abstaining pursuant to 28 U.S.C. §§ 1334(c)(1) and (2). This

motion is opposed by the defendant, RJZM LLC d/b/a All-Med & Rehabilitation of New York,

the reorganized debtor in the underlying and closed bankruptcy case (the "Tenant"). The Tenant

also moves for sanctions under Bankruptcy Rule 7011, incorporating Fed. R. Civ. P. 11, for

frivolous and dilatory litigation. In its reply to the Tenant's response and objection, the Landlord

has also moved for Fed. R. Civ. P. 11 sanctions, arguing that Tenant's application for sanctions

was improper and in bad faith.

For the reasons set forth below, Landlord's motion to remand the instant action to State

Court is granted. The parties' motions for Rule 11 sanctions are denied.

## BACKGROUND

The plaintiff, Towne Partners, LLC, was and is the former debtor's landlord. Pursuant to

a lease, dated May 1, 2001 (the "Lease"), Landlord leased certain premises to the Tenant for a

term of fifteen years. The Landlord thereafter instituted a summary eviction proceeding against

the Tenant in the Civil Court of the City of New York to regain possession of the Premises for

non-payment of rent. A judgment was entered in favor of the Landlord on July 5, 2006, and

Tenant filed a petition for relief under Chapter 11 of the Bankruptcy Code on the next day,

before a warrant of eviction was issued. Thereafter, the parties entered into a Stipulation, dated

March 12, 2007 ("Stipulation"), in the Chapter 11 case, settling various outstanding issues. The

Stipulation provided that the Debtor/Tenant had the right to continue in possession of the

Premises through August 31, 2008, subject to the terms of the Lease. The Stipulation further

provided that in the event of a holdover, the Landlord would have the remedies provided in

Article 20 of the Lease, "including the right to receive use and occupancy payments from the

Debtor equal to one and a half ... times the applicable monthly rent, for each month and portion

of each month that the Debtor holds over after August 31, 2008." This Stipulation was

2

incorporated as part of the Tenant's amended reorganization plan dated December 18, 2007 (the

"Plan"). The Plan also provided, among other things, that the Bankruptcy Court

> "retains jurisdiction...not limited to the following:..(c) to determine any and all applications, adversary proceedings, and contested or litigated matters over which the Bankruptcy Court has subject matter jurisdiction pursuant to 28 U.S.C. sections 157 and 1134;..(g) to make such orders as are necessary or appropriate to implement and enforce the provisions of the plan; (h) to resolve controversies and disputes regarding the interpretation or enforcement of the terms of the Plan, or any of the agreements or instruments issued under or relating to the Plan...."

The Plan was confirmed by order of this Court, dated February 29, 2008, and the Chapter 11 case

was closed by Final Decree, dated July 1, 2008.

The Landlord alleges that the Tenant subsequently breached the Lease by failing to pay

additional rent for water and sewer charges and a Fire Department fine, totaling $4,461.28,

together with applicable late fees and interest. Landlord also alleges that the Tenant breached the

Lease by holding over to November, 2008, in that the Premises were vacated over the weekend

of November 1 and 2, 2008, and the ensuing clean-up lasted until November 6. Tenant

apparently paid liquidated holdover damages for the months of September and October, 2008.

The parties' remaining dispute is whether the rent for the entire month of November is due, and

in what amount. This issue turns on the definition of "use and occupancy" as the term is used in

the Lease and the enforceability of the provision for liquidated damages.

Landlord commenced the instant action in the New York State Supreme Court, seeking

recovery of additional rent as liquidated damages. Tenant then removed the action to the United

States District Court for the Southern District of New York, pursuant to 28 U.S.C §1452(a),

which provides that "[a] party may remove any claim or cause of action in a civil action... to the

district court for the district where such civil action is pending, if such district court has

jurisdiction of such claim or cause of action under section 1334 of this title." The District Court thereafter referred the matter to this Court pursuant to the general order of referral.

Landlord seeks to have the removed action remanded to the State court, arguing that Federal bankruptcy jurisdiction does not exist and that even if it does, remand is mandated pursuant to 28 U.S.C. § 1447(c). It is also argued that the matter should be remanded pursuant to the equitable factors in 28 U.S.C. § 1452(b). Alternatively, Landlord contends that mandatory abstention is required pursuant to 28 U.S.C. § 1334(c)(2) under the circumstances of this case or that discretionary abstention pursuant to 28 U.S.C. § 1334(c)(1) is warranted.

Tenant has opposed each of the Landlord's motions and the parties have filed competing requests for sanctions under Fed. R. Civ. P. 11. For the reasons set forth below, Landlord's motion to remand the action to State Court is granted. Both motions seeking sanctions under Fed. R. Civ. P. 11 are denied.

## DISCUSSION

### I . Remand

Landlord first contends that this Court lacks jurisdiction over the instant matter and that it must be remanded to the State court. Landlord relies in part on the fact that Tenant's Chapter 11 case was closed at the time the State case was removed. There is no question that a bankruptcy court's jurisdiction shrinks once a plan has been confirmed. *See In re General Media, Inc.*, 335 B.R. 66, 73 (Bankr.S.D.N.Y 2005). It undoubtedly shrinks even further when a case has been closed. On the other hand, it is equally clear that a bankruptcy court retains jurisdiction to construe its own orders. Just last month, the Supreme Court, in *Travelers Indem. Co. v. Bailey*, 129 S.Ct. 2195 (2009), upheld the jurisdiction of a bankruptcy court to construe one of its own orders even though the plan had been confirmed over two decades before. As the Supreme Court

4

stated, "[t]he Bankruptcy Court plainly had jurisdiction to interpret and enforce its own prior orders." *Id.* at 2202, *citing Local Loan Co. v. Hunt*, 292 U.S. 234 (1934); *see also Luan Investment S.E. v. Franklin 145 Corp.* (*In re Petrie Retail, Inc.*), 304 F.3d 223 (2d Cir. 2002) (post-confirmation jurisdiction of bankruptcy court); *In re Millennium Seacarriers, Inc.*, 2005 WL 2398014 *7 (S.D.N.Y. 2005), *citing In re Millennium Seacarriers*, 419 F.3d 83, 96 (2d Cir. 2005) ("A bankruptcy court retains post-confirmation jurisdiction to interpret and enforce its own orders, particularly when disputes arise over a bankruptcy plan of reorganization.").

The requirements for invoking post-confirmation bankruptcy jurisdiction are set forth as follows in *In re General Media, Inc.*:

> [A] party invoking the bankruptcy court's post-confirmation jurisdiction must satisfy two requirements. First, the matter must have a close nexus to the bankruptcy plan or proceeding, as when a matter affects the interpretation, implementation, consummation, execution, or administration of the confirmed plan or incorporated litigation trust agreement... Second, the plan must provide for the retention of jurisdiction over the dispute.

335 B.R. at 73 (all internal citations omitted). In the instant matter, there is a plausible argument that the Court must construe the terms of a prior order and the Plan and jurisdiction was preserved for that purpose. Although the case is a close one and the required construction of the Plan is minimal, the Court concludes that it has jurisdiction over this dispute. Moreover, the fact that the underlying Chapter 11 case has been closed does not change this result. Bankruptcy Code § 350(b) provides that "[a] case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause." The Bankruptcy Court's ability to reopen the bankruptcy estate is within the equitable power of the court and is judged on a case by case basis. *See generally Matter of Case*, 937 F.2d 1014 (5th Cir. 1991).

Nevertheless, even though this Court has subject matter jurisdiction, the case should be remanded under 28 U.S.C. § 1452(b), which provides that "a matter removed pursuant to the provisions of § 1452 may be remanded on any equitable ground."

The following factors set forth in *Drexel Burnham Lambert Group, Inc. v. Vigilant Insurance Co.*, 130 B.R. 405, 407 (S.D.N.Y. 1991), are frequently used in deciding whether to remand an action pursuant to 28 U.S.C. § 1452(b):

> These factors include: (1) the effect on the efficient administration of the bankruptcy estate; (2) the extent to which issues of state law predominate; (3) the difficulty or unsettled nature of the applicable state law; (4) comity; (5) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case; (6) the existence of the right to a jury trial; and (7) prejudice to the involuntarily removed [parties].

The first and fifth factors of the *Drexel Burnham* inquiry analyze the bankruptcy court's interest in retaining the contested matter. If the outcome of a case could impact or impair bankruptcy proceedings, the court may have reason to exercise its jurisdiction. The second, third, fourth and sixth factors consider whether it would be in the interests of justice, judicial economy and comity with State courts for the federal court to exercise or refrain from exercising its jurisdiction over the case. These factors analyze the nature of the claims in the lawsuit and determine which court has the expertise and interest in handling the matters expeditiously and fairly. Weight is given to the dominant claims presented by the case and the ability of the tribunal to provide timely and economical adjudication of those claims. *See In re Riverside Nursing Home*, 144 B.R. 951 (S.D.N.Y. 1992); *In re 9281 Shore Road Owners Corp.*, 214 B.R. 676 (Bankr.E.D.N.Y. 1997).

Here, there are no bankruptcy law issues and no possible impact on the administration of the bankruptcy estate that would justify retention of the case. No bankruptcy estate exists, as the Plan was confirmed and the case was closed long ago. Notwithstanding Tenant's effort to argue

6

that the Lease was superseded by the Stipulation and the Plan, the applicable provisions of the Stipulation, quoted above, only set forth the date for assumption or rejection of the Lease and then refer to the Lease and, implicitly, to State law for a determination of the Landlord's remedies. To the extent the Court is required to construe the Stipulation and Plan, the Court finds that the parties were remitted to their State rights and remedies and that only State law issues are present. As the Court understands the dispute, there are two principal issues governed by New York landlord-tenant law: (1) whether a landlord may include, as a provision in a lease, a monthly liquidated damages clause for a holdover tenancy that is higher than the monthly base rent, and (2) whether a holdover tenant is liable for a full month's rent or a pro-rata share when the occupancy is for less than a month.  In the context of this matter, these are exclusively State-law issues.[1]

The bankruptcy court has no interest in retaining this case, while policies of justice, judicial economy and comity with State courts all weigh in favor of remanding the case to the New York Supreme Court. The case is remanded pursuant to 28 U.S.C. § 1452(b).[2]

## II. Abstention

The same result is reached through application of the doctrine of abstention. Section 1334(c)(2) of title 28 of the United States Code, mandatory abstention, provides that

> [u]pon timely motion of a party in a proceedings based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction

---

1. If there were a federal interest in the dispute, it is by no means certain that it would favor the Tenant. The issue of prorating arises under 11 U.S.C. §365(d)(4) and this Court believes that rent should be prorated under the language of that provision, but the issue is unresolved in the Second Circuit, and other courts have held to the contrary. *See In re Stone Barn Manhattan LLC,* 398 B.R. 359 (Bankr.S.D.N.Y. 2008), and cases cited therein. Although some bankruptcy cases have disallowed use and occupancy at amounts in excess of the base rent in the lease, others have upheld holdover liquidated damages provisions in amounts higher than the monthly lease rent. *See In re P.J. Clarke's Restaurant Corp.,* 265 B.R. 392, 401-403 (Bankr.S.D.N.Y. 2001), and cases cited therein.
2. There is no need to reach the issue of remand under 28 U.S.C. § 1447(a).

> under this section, the district court shall abstain from hearing such
> proceeding if an action is commenced, and can be timely
> adjudicated, in a State forum of appropriate jurisdiction.

28 U.S.C. § 1334 (c) (2). The Second Circuit in *Mt. McKinley Insurance Co. v. Corning Inc.*, 399

F.3d 436, 446 (2d Cir. 2005), held that mandatory abstention pursuant to 23 U.S.C. § 1334(c)(2)

applies to cases that have been removed to the federal court but can be remanded.

> Courts have found that mandatory abstention is required if the
> following six factors are present: (1) the motion to abstain was
> timely made; (2) the action is based on a state law claim; (3) the
> action is "related to" but not "arising in" a bankruptcy case or
> "arising under" the Bankruptcy Code; (4) § 1334 provides the sole
> basis for federal jurisdiction; (5) an action was commenced in state
> court; and (6) that action can be "timely adjudicated" in state court.

*In re Amanat*, 338 B.R. 574, 581 (Bankr.S.D.N.Y. 2005), *citing In re WorldCom, Inc. Sec. Litig.*,

293 B.R. 308, 331 (S.D.N.Y. 2003*); see also In re Adelphia Communications Corp.*, 285 B.R.

127, 141 (Bankr.S.D.N.Y.2002). Factors two, three, four, and five are present in this case, as the

case is based on a New York landlord-tenant law claim; was removed from the State court by the

Tenant pursuant to 28 U.S.C. § 1334 and invokes only "related to" jurisdiction, the motion to

abstain was timely filed, and there is no reason to believe that the action will not be timely

adjudicated in State court.

As the six requirements for mandatory abstention pursuant to 28 U.S.C. § 1334(c)(2)

have been satisfied, the Court must abstain from this case and remand the case back to the New

York Supreme Court. Because mandatory abstention is required, there is no reason to reach the

issue of discretionary abstention under 28 U.S.C. § 1334(c)(2).

**III**. **Sanctions**

The Tenant, in its opposition, moves for sanctions under the Fed. R. Civ. P. 11 for

dilatory and frivolous litigation, contending that the Landlord's motion to remand was frivolous

8

and an abuse of process. Since the Landlord's motion has been granted, Tenant's request for sanctions has no substance and is denied.

The Landlord's request for sanctions is based on the Tenant's demand for sanctions. The purpose of Rule 11 sanctions is to deter frivolous, bad faith or unprofessional behavior by the non-moving party. *See Weiss v. Weiss*, 984 F.Supp. 682, 686 (S.D.N.Y. 1997) ("[T]he touchstone for determining sanctions is deterrence...") Since Landlord's request is merely a reciprocal request, the Court concludes that Tenant would be sufficiently deterred by the order of remand. Moreover, the real question is whether Tenant is liable under that part of 28 U.S.C. § 1447(c) that provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the remand." Section 1447 is one of several provisions governing the general removal jurisdiction of the federal courts. Although the bankruptcy removal statute, 28 U.S.C § 1452, contains no provision relating to payment of costs, the Supreme Court has held that certain parts of § 1447 "comfortably coexist in the bankruptcy context." *Things Remembered, Inc.v. Petrarca*, 516 U.S. 124, 129 (1995). Based on this decision, several cases have held that the costs provisions of § 1447 (c) apply to orders of remand under § 1452 (b). *See Coward v. AC and S*, *Inc.*, 91 Fed.Appx. 919 (5th Cir. 2004); *In re Friedman & Shapiro, P.C.*, 185 B.R. 143 (S.D.N.Y. 1995). The Landlord has not sought such costs and has not raised the issue of costs under § 1447(c), but the presence of such a provision militates against Rule 11 sanctions.

## CONCLUSION

For the reasons stated above, Plaintiff's motion to remand the instant action to State court is granted. The parties' motions for sanctions under Fed. R. Civ. P. 11 are denied. Landlord may settle an order on five days notice.

Dated: New York, New York
       July 28, 2009

                                        /s/ Allan L. Gropper
                                       UNITED STATES BANKRUPTCY JUDGE